The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Good morning. Welcome to the Fourth Circuit. Please be seated. Judge Thacker and I are glad to welcome our colleague, Judge Traxler, who's on the phone. He doesn't want to be seen today, apparently. So, he'll be listening and he may chime in. So, with that, we'll take up our first case, South Carolina Department of Parks, Recreation and Tourism v. Google. Mr. Humphrey. Thank you, Your Honor. May it please the Court. The Constitution safeguards the dignity of state governments in several ways. Google's subpoena to the South Carolina Department of Parks, Recreation and Tourism infringes on two of these core protections. First, non-consenting states are immune from suit in federal court brought by private parties, and they are immune from the same types of suits that the federal government is in state court. Because the federal government is immune from state court subpoenas, it necessarily follows that states are immune from federal court subpoenas. Second, federal courts must defer to the state's internal allocation of authority. No court has adopted Google's view that a waiver of immunity by litigation act by one state entity necessarily extends to all other arms of the state. Well, here it just wasn't a state entity. I mean, it was the state as a whole, wasn't it? It was adopted. Didn't the Attorney General, didn't the Supreme Court say in Lapides that when the Attorney General acts, that he acts for the state? That is not the holding of Lapides. The holding of Lapides simply was one agency's waiver of immunity by, or one agency's decision to remove a case to federal court did not constitute or amounted to a waiver of immunity from that one agency. Lapides did not concern any sort of cross-agency waiver. It concerned the litigation conduct of the state. Who's the plaintiff in this case? The state of South Carolina? The plaintiff in this case is the state of South Carolina acting through the Attorney General. Right. So how is that, how is the state's litigation conduct not a waiver of sovereign immunity based on Lapides? Because you can't assume, and Lapides did not assume, that every action a state Attorney General takes is necessarily. I just don't see how you can start the fight and then say, oh, you can't fight with me. Well, the distinction is you can't always assume that the Attorney General always acts on behalf of the entire state and on behalf of every agency, department, instrumentality, and officer. Well, here, didn't he file in his removal motion or file in his motion to join that he was on behalf of the state of South Carolina in its sovereign capacity? I don't know if the motion for removal or the motion for intervention mentions sovereign capacity. There's a passage in the complaint that refers generally to all the states proceeding collectively in some form of either sovereign or parents' patriot capacity. But you have to look at the individual claims that the Attorney General himself brought. And there are two claims that are at issue here. The first is a claim for injunctive relief under the Sherman and the Clayton Acts. And here, at Google's own urging, the MDL judge found that the Attorney General was not acting in a sovereign capacity but was acting solely in the capacity of a private enforcer. Now, Google wanted that holding so Google could lodge a laches defense against the states in this case because otherwise laches does not apply against the sovereign. And Google won on that point. And because Google won on that point, it takes all that comes with that holding. Google gets to keep its laches defenses pending, but it's also subject to any other effects that a finding, which is the law of the case, that Google was proceeding or that the states are proceeding only as a private enforcer has. The other claim that the Attorney General brought is for the violation of the South Carolina Unfair Trade Practices Act. And there he again seeks injunctive relief. He also seeks civil penalties. But importantly, he's not seeking recovery on behalf of the state of South Carolina. He's not asserted any injury to the state in his proprietary or sovereign capacity. He's only proceeding on behalf of the general public and the consumers of South Carolina and the economy. Why does it say plaintiff state of South Carolina then? Because our Unfair Trade Practices Act, which allows him to bring a claim in the public interest, specifically says the Attorney General shall proceed in the name of the state. It doesn't say he proceeds on behalf of the state. And the current law in South Carolina is that if he's not. That's sort of odd. What does that mean? He brings a complaint as the state of South Carolina but is not acting as the state of South Carolina. He's the only officer charged under the law with the ability to bring a lawsuit for violation of the Unfair Trade Practices Act, for example. And our legislature said when he does that, he brings it in the name of the state. And South Carolina clarifies that when he's proceeding in the name of the state, he's not proceeding on behalf of any specific department, agency, or arm of state government. And when you're looking at waiver, again, as I said, you can't assume that every act the Attorney General takes is necessarily on behalf of the entire state of South Carolina. So the district court's error in finding waiver was twofold. First, the court disregarded the order of state government and the scope of the Attorney General's authority, then disregarded the nature of the underlying act that he took. Waiver requires proof of who, what, and how. The who here is the South Carolina Attorney General. And the district court identified the what, which is the action allegedly constituting a clear indication of intent to waive immunity. And that was the Attorney General joining the lawsuit against Google. But it's not enough to just say the Attorney General sued somebody. The district court was required to but did not consider the nature of that action to determine its scope. The court also did not consider the how, which is how the structure of state government extends that action to the state entity. This is going to make the immunity inquiry a lot more complicated than the Supreme Court's ever made it. If you have to go through agency by agency and make some determination as to whether that agency is sufficiently covered, I'm not aware of any court that's done that. Well, there are at least two district courts which have done that. But the easy rule is to say that each – I know there was one in Florida, but that was before the Lapides decision. It was. But, again, Lapides did not consider multiple agencies. The only agency at issue in Lapides was the one that removed the case. And how would you suggest courts go about figuring out who, which agency the state is acting on behalf of when it sues, or the Attorney General, when he or she sues on behalf of the entire state? Well, the first rule a court can adopt is the simple one, which is each agency can waive its subpoena immunity on its own. The Florida case recognized that. There's a district court in Oregon which recognized that different arms of the state have their own immunity, and a waiver by one is not a waiver by all. And that also works in the background of – under the Supreme Court precedent that any waiver that a state agency has is derivative of the state's immunity. I would agree that the agency's immunity – the agencies are immune because the state is immune. But, again, the waiver side of it presumes incorrectly that everything that one arm of state government does is necessarily on behalf of the entire state. The state does not move as one giant indivisible mass. Well, there's a difference between whether the – and I think this is true in most states. The Attorney General, who is the counsel for the state, acts on behalf of the state, as opposed to the Department of State Police or the State Department of Corrections. And that's going to – the Department of State Police, they could be found to have waived, but your client would not. That would be correct, because otherwise you're going to greatly expand the powers of state government. You could have one small arm of state government waiving immunity for the entire state of South Carolina. You can't jump up one waiver. So how would – if there was a subpoena that was directed to the state police and they agreed to it, how would that have – and they voluntarily agreed to do it. Here's the documents. How does that bind another agency, then, under your theory? I agree that it does not bind any other agency under our theory. And then that's the point we're trying to make. If you accept Google's position in the finding of the district court, it would bind every other agency. This theory that when one arm of the state waives immunity, there's nothing left for any other arm to waive simply cannot stand. Under your example, Judge Agee, if one agency responds to a subpoena, that cannot bind any other agency to waive their immunity. And that's an analysis here that the district court never undertook. He just made the finding that sovereign immunity is indivisible, and therefore once one arm of the state does something, there's nothing left for any other arm to waive. And we know that simply can't be the case. Now, the simple path for the court to take is to say that every agency retains its own independent immunity from subpoenas. And this concept that state entities' immunity is – Is that really the simplest? I mean, it seems like the simplest would be putting aside merit would be that, you know, once the attorney general acts on behalf of the state, that's the end of it. Well, first, you're still having to find in that scenario that the attorney general was, in fact, acting on behalf of the state. So there's going to be some analysis of the capacity in which the attorney general acts. That's what the pleadings say, that the attorney general is acting on behalf of the state. The attorney general does not say he's acting on behalf of the state. The attorney general filed a claim on behalf of South Carolina consumers in the state's economy. And based on the Supreme Court's discussion in Hawaii v. Standard Oil Company of California, that does not allege any harm to the state itself. And South Carolina law draws a distinction between when the attorney general acts in the public interest, he is not acting on behalf of any arm of state government. But in order to make that finding – and I agree, Judge Ager, that's a good question to ask because that brings us to our argument. You have to get into the differences between authority and law. So the court would need to engage in discovery at this point to figure out who the attorney general is acting on behalf of, which agencies? No, I don't think any discovery is necessary because the Cork and Craft rule doesn't even have to get to that point. That's just to say each agency retains its own separate immunity. There are district court decisions which find that, and the Supreme Court's decision in Virginia. And you said there were two district court decisions, and one was the Florida court that was decided before the Lapides case, and the other one was? The other one was a case out of Oregon. So not in the Fourth Circuit? Not in the Fourth Circuit, no, but both courts recognized that state entities retained their own separate immunity. And again, Lapides only concerned one state entity, and Lapides was limited to its own facts. The Supreme Court in Lapides went out of its way to note that its holding was limited to a removal only when the state had waived immunity to those claims in its own courts. And this court in Stewart v. North Carolina recognized that Lapides is limited to its facts. So Lapides, all it did was refuse to divorce the act of removal from waiver. The court said if you remove a case, that act of removal will waive sovereign immunity. The court did not have any discussion because the question wasn't presented on the issue before this court. I think the court's discussion in Virginia Office of Protection Advocacy v. Stewart is perhaps more apt. There you had two state entities suing each other in federal court. One state entity, the Virginia Office of Protection Advocacy, voluntarily filed a lawsuit against state-run hospitals to obtain records. And the issue in that case was whether sovereign immunity barred that lawsuit. And it's important to note that despite sovereign immunity being the critical and sole issue in that case, there was no discussion of this notion that waiver by one is a waiver by all. The court never entertained the thought that the Virginia Office of Protection Advocacy's voluntary filing of a lawsuit in district court amounted to a waiver of the opposing party's sovereign immunity. And if this rule were so clear, as the district court found, as Google argues, I suspect that the parties in that case, the district judge, this court, and the Supreme Court would have flagged it, would suggest that this concept of waiver by one is a waiver by all is foreign to our jurisprudence. Not a single court in this country has adopted that position. So there were other agencies of the state subject to a subpoena as well in this case? That's correct. The record identifies the Department of Social Services, I think. So just out of curiosity, what difference does it make to your client in terms of complying with the subpoena? Has it been cheaper to comply than to pay you all? Well, the department wants to guard its sovereign immunity. Whatever any other arm of the state has decided to do, as we discussed earlier, does not impact our immunity. The Department of Social Services was free to make a call in its estimation that it was going to produce the records at issue. It may have concluded that the records could have been obtained under the Freedom of Information Act, and therefore it may as well just respond to the subpoena because it would have to provide the records anyway. But the Department of Parks, Recreation, and Tourism made a judgment in its discretion to not waive immunity. Immunity is something that is a personal privilege to the state and can be waived at its will. But just because one other aspect of state government waived immunity does not mean that any other arm of state government has waived immunity as well. If we get into the structure of state government, the Court says we're not going to adopt the blanket rule that each entity retains its own immunity. The power to structure state government is among those reserved to the states under the Tenth Amendment. That was this Court's holding in Bacon v. City of Richmond. Here, PRT is an executive agency under the governor. Under South Carolina, the attorney general is a separate popularly elected constitutional officer. He does not answer to the governor. He admits he does not have possession, custody, or control of our agency's records. And there's even no mechanism at law for him to force PRT to produce records. The governor has that power. The attorney general does not, and therefore he could not have acted on behalf of the agency. All right. Thank you very much. You've got some rebuttal time. Mr. LaFond, we'll hear from you. Thank you, Your Honor. It may please the Court. The Court has two issues in front of it today, states' sovereign immunity and its waiver. If it resolves either of those issues in Google's favor, that is dispositive. With that in mind, I will focus on waiver because it is the narrower and most straightforward issue here. The Court can resolve the issue of waiver by considering three undisputed points. The first is the well-established rule that when a state voluntarily invokes federal jurisdiction by suing in federal court, it waives sovereign immunity for the complete determination of its suit, including discovery obligations. The second is that South Carolina sued Google in the underlying litigation. And the third is that if South Carolina lacks sovereign immunity, so does the Department. Together, those points show that South Carolina's suit in federal court against Google waived any sovereign immunity that the Department would have from the subpoena. The Department's arguments do not join issue with any of those points. Well, opposing counsel said in his argument that not a single court in this country has adopted the position that waiver by one is a waiver by all. What is your response to that? I'd say that's not correct. As you noted, the Florida case that they cite was prior to Google or was prior to Lapides. Since then, the Eleventh Circuit, in a case called Green v. Graham, 906 F3rd 955, applied the same rule that we're applying today. It was a removal case by state officials, and the plaintiff wanted to add another state official. And that state official said, well, I didn't remove. And the court in the Eleventh Circuit there said all of the officials have the same real party and interest here, and that's the state. So when the state official in its official capacity removed, the forum immunity for the state was waived. And therefore, any other party in which the real party interest is the state has also waived sovereign immunity. But it's important to keep in mind there that when we talk about the waiver, it's not that you can bring any suit then against the state. It is for the – particularly when a state's sued, it is for the resolution of the suit that's brought. And the New Jersey environmental case that they cite about this cross-agency waiver point shows that. It says that you can bring a counterclaim against other state agencies because that is necessary for the complete determination of the claim. Well, discovery is also necessary for the complete determination of the claim. A counterclaim by one agency against another or a counterclaim against another party? I'm sorry. If a state agency sues you in Federal court, then you can bring counterclaims under Rule 13, compulsory counterclaims. And what the New Jersey court held that they cite is that you can bring those against other state agencies so long as they are compulsory counterclaims under Rule 13. And what this all gets to is what the Supreme Court held in Arkansas v. Texas, which is that when you have a state agency that is in the litigation, the state is the real party in interest. But none of that is even really relevant here because the state is the plaintiff here. And I need to correct my friend because he said that the state AG has never said that it was acting on behalf of the state of California. If the court were to go to JA-489. Do you mean on behalf of South Carolina? Sorry, I apologize for that, say where I come from. On behalf of the state of Texas in a minute, but on behalf of the state of South Carolina, JA-489 is the letter that Attorney General Wilson sent to Judge Jordan in the underlying litigation. And it says, I write on behalf of the state of South Carolina to give Your Honor notice of the state of South Carolina's intent to move to intervene. And then in the motion, the motion says, this is JA-478, quote, prospective plaintiff's state of South Carolina through its counsel, Attorney General Alan Wilson, respectfully moves to intervene. So is there a difference in the analysis in this subject area if the claimant was simply the South Carolina Department of State police? It wasn't brought by the Attorney General. Would there be a barrier to joining the entity in this case, a separate state agency? What's the relationship that when it's not the Attorney General acting for the state, that it's simply one agency of many? Well, Your Honor, I would say that the AG's relevance is only relevant, for example, under Lapides for the bright line rule that they established, that for the purposes of federal jurisdiction, if it's a state AG that is acting, it's going to have that bright line rule that that's a waiver. So since we have a state Attorney General here acting, we don't need to concern ourselves with any fine lines in other cases that might arise? Well, I would – of course, the Court should always be considering future cases. The point here is simply that if you're going to look at the lawyer rather than the party, the only reason that that is relevant is under one Lapides bright line rule when it's the Attorney General that makes the court's job easy. And then second, you would look, even if it's not the AG or even if you don't apply Lapides, you apply the prior rule, which is you simply look and see whether state law gave that counsel the power to bring the suit. And when that happens, all you're looking at is the party. And under Arkansas v. Texas, the real party in interest is always the state when a state agency sues, because the state agencies are nothing without the state, especially the department here, which has no juror identity independent of the state. So if the South Carolina Department of State Police were to sue, then you would apply the standard rule that that waives sovereign immunity for the complete determination of its suit. If for some reason the counsel or the department lacks control of discovery necessary to the defense that stays with the state, then they shouldn't be bringing the suit. And the standard rule, for example, with privileges is that if a plaintiff asserts a privilege that prevents the defendant from obtaining evidence useful to its defense, the plaintiff's claim is dismissed. You don't come to court representing South Carolina and then say that you don't have control over the evidence that is also with South Carolina. The department here bases its claim of sovereign immunity on the fact that the state exercises substantial control over the department. That's at their motion to quash, JA-17. For them to say that that state control does now not include the power to get the documents, it just doesn't match up with what they're saying in this case. And if I could turn for a second to Texas, where the underlying litigation is pending, there was a discussion about sovereign capacity here, and this is the second time that they did it in their opening brief. And here, that the department is trying to withdraw the state's representation about the capacity in which it's suing. But it was no accident that the state said that. Just recently in the underlying litigation, there was a question in which the court wanted to get straight what capacity all the states were suing in. And if you look at that underlying litigation at docket 381, just a couple of weeks ago, there's a chart in which all the states set forth how they're suing. And under South Carolina, it says antitrust, injunctive relief, parents patriae, civil penalties, sovereign parents patriae, DTPA, which is their state claim, injunctive relief, parents patriae, civil penalties, sovereign. They continue to represent to the court in responses to motions to dismiss and other things that they are, that South Carolina has sued in its sovereign capacity. You know, we've argued in our brief that there's no jurisdictional rule that that matters, which capacity it's suing in. But even if you take that that matters, the state has sued in its sovereign capacity here. Just to address a couple of other points that the other side made, the court or, sorry, the other side argues that Lapidus is limited to its facts. That would be the first Supreme Court decision that I've ever heard of that is limited to its facts. And, in fact, Lapidus sets a bright-line rule that is very important. It says that the court is not going to read state sovereign immunity, the forum immunity, that is represented by the 11th Amendment in a way that is going to result in arbitrariness, unfairness or inconsistency, which is exactly what the department argues for here. Stewart v. North Carolina didn't change that and didn't say that Lapidus was limited to its facts. It simply adopted a rule that every other circuit has adopted, which is that Lapidus is talking about forum immunity and not the sort of substantive sovereign immunity that a state has from suits and liability, which is not relevant here because the South Carolina Supreme Court has abrogated the state's sovereign immunity in its own courts. And then, finally, the department points to the Supreme Court's decision in VOPA v. Stewart saying that it's odd that this issue never came up there because it was one department suing another, but that's not what happened in that case. It was one department bringing ex parte young claims against state officials, and under the fiction of ex parte young, the state is not the real party interest in that case. So it was not a case in which the suit by VOPA waived any sovereign immunity that would then need to be considered there because the only issue in that case was whether or not the dignity harm there was relevant for sovereign immunity. The Court held that it was not. I have gone through all the points, I think, that they made on the other side. Unless the Court has any questions, I will yield back the remainder of my time. Thank you very much. All right. Thank you very much. Mr. Humphrey, you've got some rebuttal time. Thank you, Your Honor. I want to start where my friend began, which is this notion that the rules of civil procedure apply to states in full when they voluntarily appear in federal court. In fact, the rules of civil procedure are still cabined by sovereign immunity even when a state voluntarily appears in federal court. As this Court held in In Re Creative Goldsmiths, a state which voluntarily files a claim in federal court under sovereign immunity is not subject to permissive counterclaims against the state. The only claims which can be brought are those which are compulsory counterclaims. And that's a recognition that even when a state voluntarily appears in court, that its rights and its dignity are still subject to protection. I think opposing counsel only mentioned compulsory counterclaims. He did only mention compulsory counterclaims, but I wanted to highlight that this Court has limited to just compulsory counterclaims. The implication was that the rules apply to states equally when they appear in federal court, and that simply isn't true because sovereign immunity still does apply and still does restrict the power of courts over states appearing in federal court. With respect to Green v. Graham, the Court's holding there was that sovereign immunity is a jurisdictional question. Jurisdiction was established at the time of removal, and because the two state officers who were parties in that case at the time of removal consented, jurisdiction cannot be destroyed by any later act. And it's important to note that in that case, the parties conceded that oral argument, that the issue presented here of whether one agency could waive the immunity of another was not being argued and was not at issue there, so the Court never had a chance to discuss it because the parties conceded it was not being brought before the Court. Lapidus did not establish a bright-line rule that when the attorney general acts, that is a waiver. Again, Lapidus did not concern multiple state agencies, and the question was still unanswered of, well, what happens if another state agency sues? If the Department of State police files a lawsuit, even if the department is represented by the attorney general's office, does that amount to any waiver on behalf of any other arm of state government? And the question is no. So if the Court is going to get into this question of, well, what's the capacity of the agency which acted, and that's certainly a call that federal judges can make, because they are bound to respect a state's division of responsibility. Federal courts cannot enlarge powers of state entities out of a sense of fairness, out of a sense of benefit to private litigant, or even out of some desire, as well-intentioned it might be, for clarity. This Court is bound by how the state of South Carolina has allocated its internal authority, and there's no dispute here that PRT is organized under a separate constitutional officer who does not answer to the governor, who admits he does not have possession, custody, or control over these records. And it's important to note that under state law, when the South Carolina attorney general filed this lawsuit, he did not act on behalf of any department or agency of state government or any of the boards connected therewith. That is, the current law of South Carolina, as enacted in budget, provides those which have the force and effect of law. So when the attorney general acts … You would agree that Lapides said that determining the question of immunity in this case is a question of federal law, not state law. Lapides said that the scope of waiver is a question of federal law, but as this Court recognized in Inouye Goldsmith's, the authority of the state actor is a question of state law. So first you look to what the authority of the state actor is. Once that's established and once the scope of the underlying action is understood, then the effect that that has becomes a question of federal law. So you have to begin, if you're not going to adopt the bright-line rule that every agency retains its own immunity, if you're going to get into it, you have to start by examining the power of the state agency which took the action and the scope of that action. And the farthest that courts have gone in finding any sort of cross-agency waiver is to allow claims for set-off or recoupment to diminish recovery only. That New Jersey Department of Environmental Protection case explained that you cannot even seek conjunctive relief, or for that matter, any form of affirmative recovery against a non-party state agency, and their courts just don't even go that far, such as the Second Circuit in the bankruptcy context requiring the two state agencies to be acting as a unitary creditor. And here it's undisputed that those requirements have not been met, and that should really end the analysis because even under the most permissive cases looking at agency versus agency, which, again, the PDAS did not examine, the Attorney General's suit did not waive the Department's immunity from third-party subpoenas. If I may, just in closing, Judge Agee, given PRT the constitutional respect that is owed as a joint sovereign with the United States and deferring to South Carolina as the master of its internal design yields just one conclusion, and that is that PRT is immune from Google's subpoena, and the Attorney General's suit against Google did not waive that immunity. This Court, therefore, should reverse and demand for an order quashing Google's subpoena. All right. Thank you very much. We'll come down and greet counsel and then move on to our next case.
judges: G. Steven Agee, Stephanie D. Thacker, William B. Traxler Jr.